UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: THE MATTER OF OCEAN
APEX T&B LLC and POLING &
CUTLER MARINE
TRANSPORTATION, LLC AS
OWNERS AND OPERATRS
AND/OR OWNERS PRO HAC VICE
OF THE TUG COPPER MOUNTAIN
PRAYING FOR EXONERATION
FROM OR LIMITATION OF
LIABILITY,

    Petitioners.

Case No: 8:21-cv-120-CEH-TGW

_____/

# ORDER

This matter comes before the Court upon Claimant Mark DeSousa's Motion to Transfer Venue (Doc. 20). Ocean Apex T&B LLC and Poling & Cutler Marine Transportation, LLC, as owners and operators and/or owners *pro hac vice* of the Tug COPPER MOUNTAIN, do not oppose the Motion to Transfer Venue (Doc. 21). The Court will grant the Motion to Transfer Venue.

## DISCUSSION

DeSousa moves to transfer this action to the United States District Court for the District of Massachusetts. Doc. 20 at 1–2, 9–10. In support of his request, DeSousa, who allegedly sustained injuries while aboard the subject vessel, highlights that he resides in Massachusetts. *Id.* at 1–2. He states that he has received extensive treatment

from doctors and physical therapists in Massachusetts, too. *Id.* at 2. DeSousa grounds his request in Supplemental Rule F(9) and 28 U.S.C. § 1404(a). *Id.* at 4–5, 9–10.

Under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, no later than six months after receipt of a claim in writing, a vessel owner may file a complaint in the appropriate district court, as provided in Rule F(9), for limitation of liability under a statute. Supplemental R. F(1). In turn, Rule F(9) addresses proper venue for limitation of liability actions, as well as transfer of those actions. Supplemental R. F(9). Relevant here, Rule F(9) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer an action to any district. Supplemental R. F(9). Similarly, under the federal change-of-venue statute, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Supplemental Rule F(9) governs motions to transfer venue in admiralty actions, not § 1404(a). *The Conn. Indem. Co. v. Palivoda*, No. 8:04-cv-1044-SCB-MSS, 2004 WL 3661069, at *5 (M.D. Fla. Aug. 24, 2004) (quoting *In re Complaint of Norfolk Dredging Co.*, 240 F. Supp. 2d 532, 534 (E.D. Va. 2002)). Nonetheless, the guiding factors for determining the propriety of transfer under Rule F(9) are the same factors as those developed by § 1404(a). *Id.* Section 1404 factors include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5)

2

> the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). A district court enjoys wide discretion in determining whether to transfer an action. *Matter of Luhr Bros., Inc.*, No. 8:18-cv-2365-JSM-TGW, 2019 WL 3781640, at *5 (M.D. Fla. July 25, 2019).

Reiterating that he lives in Massachusetts and that he has received extensive treatment from his physicians in Massachusetts, DeSousa argues that the convenience of witnesses weighs in favor of transfer. Doc. 20 at 5–6. According to DeSousa, appearing at a trial in Florida would also pose a significant hardship on him and would inconvenience his treating physicians. *Id.* at 6. He also contends that the continuation of this action in Florida will deprive him of the ability to subpoena Massachusetts-based witnesses later in the litigation. *Id.* at 7. And he argues that transferring this action to the District of Massachusetts will not pose any difficulty to Ocean Apex or Poling & Cutler Marine because neither entity is based in Florida. *Id.* at 7–8. Finally, although he concedes that the subject vessel was docked in Florida, he represents that the subject vessel is based in St. Louis, Missouri and currently located in New Orleans, Louisiana. *Id.* at 8–9. Ocean Apex and Poling & Cutler Marine do not oppose

DeSousa's request for the Court to transfer this action to the District of Massachusetts.[1] Doc. 21 at 1–2.

Upon consideration of the guiding factors, DeSousa's representations, and the lack of opposition, the Court will transfer this action to the District of Massachusetts. The Motion to Transfer Venue fails to request transfer to a specific division of the District of Massachusetts. The District of Massachusetts's Local Rules indicate that the District of Massachusetts constitutes one judicial district comprising three divisions: the Eastern Division, the Central Division, and the Western Division. D. Mass. Local R. 40.1(c). DeSousa's Claim and Demand for Trial by Jury indicates that he resides in New Bedford, Massachusetts. Doc. 19 ¶3. New Bedford is located in Bristol County, Massachusetts, which falls within the boundaries of the Eastern Division. D. Mass. Local R. 40.1(c)(1). Thus, the Court will transfer this action to the Eastern Division of the District of Massachusetts.

Accordingly, it is hereby **ORDERED**:

1. Claimant Mark DeSousa's Motion to Transfer Venue (Doc. 20) is **GRANTED**.

2. This action is **TRANSFERRED** to the United States District Court for the District of Massachusetts, Eastern Division, for all further proceedings, in

---

[1] Rule F(9) provides that "if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought." Supplemental R. F(9). No party contends that Ocean Apex and Poling & Cutler Marine selected a wrong venue in filing the action in the Middle District of Florida.

accordance with Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

3. The Clerk is hereby directed to transfer this action immediately to the United States District Court for the District of Massachusetts, Eastern Division, and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on July 13, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any